**Robert Glenn THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 156, Docket 73-1973.**

United States Court of Appeals, Second Circuit.

Submitted Sept. 19, 1973.

Decided Sept. 19, 1973.

Robert Glenn Thompson, pro se.

Robert A. Morse, U. S. Atty., E. D. N. Y. (L. Kevin Sheridan and Robert F. Katzberg, Asst. U. S. Attys., Brooklyn, N. Y., of counsel), for appellee.

Before KAUFMAN, Chief Judge, and SMITH and MULLIGAN, Circuit Judges.

PER CURIAM:

Thompson appeals from Judge Bruchhausen's denial of a motion for correction or reduction of sentence (Fed.R. Crim.P. 35) and of his petition for a writ of habeas corpus (28 U.S.C. § 2255). In the instant action, Thompson attacks a sentence imposed in 1965 after he pleaded guilty to conspiring to commit espionage, in violation of 18 U.S.C. § 794(c). He was sentenced in 1965 to thirty years imprisonment, and is currently serving that term. During his incarceration, Thompson apparently has earned a Bachelor of Laws Degree from LaSalle Correspondence University and he brings his newly acquired talents to bear on the present appeal. He claims that his present sentence is illegal because it was imposed for the commission of a crime other than the one to which he pleaded guilty. Our examination of the record impels the conclusion that Thompson's claims are wholly without merit. The entry of plea and imposition of sentence in 1965 were free of legal or constitutional infirmity. Accordingly, we affirm.

We would be loathe to memorialize the present case in a written opinion but for the need to clarify and correct several statements made in Judge Bruchhausen's opinion below. In ruling on the instant motion, Judge Bruchhausen stated that Thompson pleaded guilty to conspiracy to commit espionage (18 U.S.C. § 794(c)), espionage (18 U.S.C. § 794(a)), conspiracy to commit a crime against the United States (18 U.S.C. § 371), and acting as an agent of a foreign government (18 U.S.C. § 951). This recitation of the record was erroneous. Indeed, it is clear that Thompson pleaded guilty only to conspiracy to commit espionage and was sentenced for that offense only. But, the Judge's incorrect statement in 1973 of the pellucid record obviously cannot serve to undermine the validity of Thompson's 1965 plea and sentence.

Judge Bruchhausen also misinterpreted the nature of the instant motion. He regarded the appellant's application for relief as a motion for reduction of sentence under Fed.R.Crim.P. 35 and accordingly grounded his denial on untimeliness. Thompson, however, sought relief in the alternative. He not only asked for a reduction of sentence, but, in addition, moved for correction of an allegedly illegal sentence. Since an attack upon the legality of a sentence is not limited by time strictures (Fed.R.Crim.P. 35), the motion was timely. In any event, this ground of attack and Thompson's other contentions were wholly without merit.

Affirmed.